**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Case No. 18 CR 503-2 |
| | ) | |
| GREGORY SULLIVAN | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In September 2019, the Court sentenced Gregory Sullivan to a fifty-four month prison term after he pled guilty to a charge of conspiracy to distribute heroin, fentanyl, and crack cocaine. Sullivan, who was forty-six years old at the time of sentencing, operated with co-defendants Sedrick Body and Tommie Morgan a relatively small but well-organized retail narcotics business that included a stash house and regular distribution to customers. The advisory range under the Sentencing Guidelines was seventy-eight to ninety-seven months. The Court imposed a below-range sentence based in part on Sullivan's medical condition: he had open heart surgery for an aortic dissection in 2018, suffered a stroke shortly after that, and suffers from other significant physical impairments, including hypertension, hyperlipidemia, potentially sleep apnea, and gastroesophageal reflux disease.

Sullivan reported to prison on December 5, 2019 and has served about nine and one-half months of his sentence. He is serving his sentence at FCI Terre Haute.

Sullivan has filed a motion for early release under 18 U.S.C. § 3582(c)(1)(A). He cites his medical conditions and the risks posed by the coronavirus. At the time Sullivan filed his motion, only a small handful of inmates at FCI Terre Haute had tested positive

for coronavirus. As of June 8, 2020, when the government filed its response to Sullivan's motion, four inmates at the prison had tested positive. But by September 8, forty-three inmates had tested positive, not including eight who had recovered. As of September 18, the number of inmates currently testing positive is forty-four, not including sixty-nine who have recovered—a total of 113 inmates with positive tests. *See* https://www.bop.gov/coronavirus/ (last visited Sept. 18, 2020). There has also now been an inmate death at FCI Terre Haute attributed to coronavirus disease. *Id.* The Court acknowledges the efforts of the Bureau of Prisons to prevent and control the spread of the virus at FCI Terre Haute and elsewhere, but at this point the virus can fairly be described as widespread within FCI Terre Haute and not well under control.

Sullivan suffers from chronic hypertension, which under current guidance from the Centers for Disease Control and Prevention indicates that he "might be at an increased risk for severe illness" should he contract the coronavirus. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited Sept. 8, 2020). And there is a good chance that chronic hypertension caused or contributed to Sullivan's aortic dissection—it is a known cause—which would suggest that his hypertension is particularly risky to his health generally.

Sullivan's motion is made under section 603(b) of the First Step Act, which amended 18 U.S.C. § 3582(c)(1)(A) to provide a greater role for courts in determining whether to reduce a defendant's sentence based on "extraordinary and compelling

2

reasons" warranting a reduction. As amended, and as applicable here, the statute provides that

> [t]he court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction;
>>>
>>> . . .
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

The parties agree that Sullivan has satisfied the administrative exhaustion requirement. Specifically, he made a request to the prison warden for early release on April 1, 2020, and more than thirty days passed without action.

Second, there are "extraordinary and compelling reasons" that permit a sentence reduction. The coronavirus outbreak, the virus's confirmed presence at FCI Terre Haute and the evidence that it is not under control at the institution, and the risks the virus poses to Sullivan due to his medical condition certainly qualify. The Court does not consider in this regard the fact that it reduced co-defendant Body's sentence based on a compassionate release motion. The reasons the Court relies upon to make this finding

are specific to Sullivan and involve his medical condition and the unusual and unanticipated risks posed by the global coronavirus pandemic.

Third, a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." The policy statements issued by the Sentencing Commission even before the passage of the First Step Act included an open-ended provision broad enough to cover the circumstances argued by Sullivan. *See* U.S.S.G. § 1B1.13, app. note 1(D). *See, e.g., United States v. Reyes*, No. 04 CR 970, 2020 WL 1663129, at *2 (N.D. Ill. Apr. 3, 2020) (Leinenweber, J.).

Finally, section 3582(c)(1)(A) requires the Court to consider the factors regarding imposition of an appropriate sentence set forth in 18 U.S.C. § 3553(a). These include Sullivan's history and characteristics; the nature and circumstances of the crimes; due consideration of the seriousness of the crimes; promoting respect for the law; providing just punishment; affording adequate deterrence; protecting the public from further crimes by Sullivan; and providing him with any necessary services and treatment.

The amount of time served to date by Sullivan does not adequately account for the seriousness of his offense; the Court concluded as much when it sentenced Sullivan to a fifty-four month prison term. On the other hand, although Sullivan has a criminal history, including several felony convictions, it is largely in the distant past: his last felony conviction was in 1999, over twenty years ago. And although the Court was satisfied at the time of sentencing that it was imposing a fair and reasonable sentence, matters have changed significantly. Sullivan is now exposed to an infectious virus, the spread of which is almost certainly increased in a prison environment. And he faces a significant risk of a severe outcome if he contracts the virus. In short, Sullivan faces a

4

significant risk of serious bodily harm. Requiring him to be subjected to this severe risk for an extended period does not, in the Court's view, amount to just punishment, nor does it promote respect for the law.

As a condition of reducing Sullivan's prison term, however, the Court will add a supervised release condition of twelve months of home detention with location monitoring. In other words, Sullivan's liberty will continue to be restricted in a significant way for the next twelve months. And more broadly, he will be on supervised release, under the supervision of a probation officer, for five years. The Court is giving Sullivan a very significant break in reducing his sentence. But Sullivan should be aware that if he violates the conditions of his supervised release, knowing full well that this will subject him to reimprisonment, the Court will not hesitate to reincarcerate him.

## Conclusion

For the reasons stated, the Court grants defendant Gregory Sullivan's amended motion for compassionate release [296] as well as his motion to supplement [310]. The Court reduces the defendant's prison sentence to time served. The sentence reduction is conditioned upon a modification of the terms of the defendant's supervised release to add a requirement that he serve the first twelve months of his supervised release on home detention. Compliance with this condition shall be monitored by a form of location monitoring technology selected at the discretion of the probation officer, and the defendant shall abide by all technology requirements. The Clerk will prepare an amended judgment and commitment order.

Date: September 21, 2020

_____
MATTHEW F. KENNELLY
United States District Judge